UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Leslie Cox, # 75206,<br><br>                              Petitioner,<br><br>vs.<br><br>Warden Cartledge,<br><br>                            Respondent.<br>_____ | C/A No. 8:13-2484-TMC-JDA<br><br>**Report and Recommendation<br>of<br>Magistrate Judge** |

## Background of this Case

Petitioner is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. In the above-captioned habeas corpus action brought pursuant to 28 U.S.C. § 2254, Petitioner challenges his conviction for kidnapping entered in the Court of General Sessions for Spartanburg County in Case No. 87-GS-42-643 on April 16, 1987, pursuant to a guilty plea.

Petitioner has not answered Questions 7 through 12 of the Section 2254 Petition. Petitioner raises three grounds in the Petition: (I) Double Jeopardy; (II) police officer Mabry was fired in 1980 or 1981 and could not have signed warrant; and (III) denial of jury trial, unconstitutional conviction and sentence. In his answer to Question 18, Petitioner contends that the Petition is timely under the Anti-Peonage Act.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Petition is subject to summary dismissal because it is a successive petition. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The successiveness of a habeas petition may be raised by a district court *sua sponte*. *See Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720964, at *2 (D.S.C. April 14, 2010) ("The issue of successiveness of a habeas petition may be raised by the court *sua sponte*."), *adopted by* 2010 WL 2720912 (D.S.C. July 8, 2010). It can be judicially noticed that Petitioner has a prior Section 2254 habeas corpus petition concerning his conviction for kidnapping adjudicated on the merits.

In *Paul Leslie Cox v. Jon Ozmint*, Civil Action No. 3:10-3239-HFF-JRM, Petitioner on December 22, 2010, brought a Section 2254 habeas corpus action to challenge his conviction for kidnapping entered in the Court of General Sessions for Spartanburg County on April 16, 1987. In an order [Doc. 7] filed in Civil Action No. 3:10-3239-HFF-JRM on January 21, 2011, the Honorable Joseph R. McCrorey, United States Magistrate Judge, gave Petitioner twenty-one (21) days to show cause why the Petition should not be summarily dismissed as untimely. Petitioner responded to the order, but did not address the issue of timeliness [Doc. 9]. Instead, Petitioner sought a writ of mandamus and an evidentiary hearing [Doc. 9].

In a Report and Recommendation [Doc. 13] filed in Civil Action No. 3:10-3239-HFF-JRM on March 17, 2011, Magistrate Judge McCrorey recommended that the Petition be dismissed as untimely. *Cox v. Warden, Lieber Correctional Institution,* Civil Action No. 3:10-3239-HFF-JRM, 2011 WL 1356779 (D.S.C. Mar. 17, 2011). Petitioner was apprised of his right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed. On April 11, 2011, the Honorable Henry F. Floyd, (then) United States District Judge, adopted

the Report and Recommendation, dismissed the case *with prejudice*, and denied a Certificate of Appealability [Doc. 15]. *Cox v. Warden, Lieber Correctional Inst.*, Civil Action No. 3:10-3239-HFF-JRM, 2011 WL 1362289 (D.S.C. Apr. 11, 2011). No appeal was filed in Civil Action No. 3:10-3239-HFF-JRM.

In the above-captioned habeas corpus action, this Court may take judicial notice of Civil Action No. 3:10-3239-HFF-JRM. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits); *see also Tyler v. Cain*, 533 U.S. 656, 662–68 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 3:10-3239-HFF-JRM was dismissed *with prejudice*, the Petition in the above-captioned case is successive. *Thomas v. Bodison*, Civil Action No. 6:09-2200-HMH-WMC, 2009 WL 3617545, at *1 (D.S.C. Nov. 9, 2009) ("Because Thomas has previously filed a § 2254 petition, the instant petition is successive.").

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules

4

Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4).").

There is no indication in the present Petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the Petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); and *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court under the standard established in section 2244(b)(3)(C)."). Before Petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he ***must*** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit (1100 East Main Street — Suite 501, Richmond, Virginia 23219). *See In re: Williams*, 330 F.3d 277, 283 (4th Cir. 2003). The form is entitled "Motion under 28 U.S.C.

§ 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief under 28 U.S.C. §§ 2254 or 2255."

**Recommendation**

Accordingly, it is recommended that the § 2254 Petition be dismissed *without prejudice* and without requiring Respondent to file an Answer or return because the Petition is successive. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). It is also recommended that the District Court deny a Certificate of Appealability.

**Petitioner's attention is directed to the Notice on the next page.**

                                                          s/ Jacquelyn D. Austin
                                                          United States Magistrate Judge

September 16, 2013
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).